

FILED
APR 28 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DOE, INC.,<br><br>           Plaintiff,<br><br>v.<br><br>JOHN ROE,<br><br>           Defendant. | Case: 1:21−mc−00043<br>Assigned To : Unassigned<br>Assign. Date : 4/28/2021<br>Description: Misc<br><br>Chief Judge Beryl A. Howell |

### MEMORANDUM AND ORDER

Pending before the Court is plaintiff Doe, Inc.'s motion both to seal its complaint, and "all subsequent pleadings in this case," Pl.'s Proposed Order at 1, and to have all parties proceed under pseudonym, Pl.'s Sealed Mot. to Seal and to Use Pseudonyms ("Pl.'s Mot.") at 1–2.[1] This extensive sealing of the entire case, with the extra level of sealing provided by use of pseudonyms, to ensure this case remains entirely outside public view is necessary, according to plaintiff, for two reasons: (1) to prevent disclosure of information relating to a confidential arbitration, and (2) to avoid infliction on plaintiff of a "grave reputational injury," *id.* at 1, presumably because of the embarrassing subject of the arbitration, which addressed a "former employee's relationship with the CEO of [plaintiff], and . . . involved sensitive claims arising from that relationship."  Compl. ¶ 2.  As explained below, plaintiff may not rely on the confidentiality of arbitration—or the embarrassing subject matter of the arbitration—to avoid the

---

[1] Plaintiff does not explain why proceeding under pseudonym would be necessary if the case were sealed.

1

presumption of public access that comes with litigation in the federal courts. Therefore, plaintiff's motion is denied.[2]

## I.     BACKGROUND

Plaintiff alleges that defendant has disclosed information from a confidential arbitration to which he was not a party, in violation of two confidentiality orders issued in that arbitration. Compl. ¶¶ 1, 55. This arbitration took place between defendant's daughter, who was an employee of the plaintiff corporation in this matter, and plaintiff. *Id.* ¶ 2. The arbitration pertained to her "relationship with the CEO" of plaintiff and "sensitive claims arising from that relationship." *Id*. Defendant is currently involved in arbitration with his own employer, Company A—whose parent company is a minority stakeholder of plaintiff's parent company, *id.* ¶ 16—and has allegedly referenced confidential information from his daughter's arbitration in his own arbitration, and sought a subpoena compelling plaintiff to produce documents relating to his daughter's arbitration. *Id.* ¶ 7. Plaintiff has moved to file its complaint against defendant for tortious interference with contractual relations, *id*. ¶¶ 44–52 (Count 1), and violation of the Federal Arbitration Act, *id*. ¶¶ 53–56 (Count 2), under seal because the subject of the litigation involves "highly sensitive information relating to a confidential arbitration," Pl.'s Mot. at 1.

## II.    LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing

---

[2] The Chief Judge is tasked with "hear[ing] and determin[ing] . . . motions in any case not already assigned" including "motion[s] to seal the complaint." *See* LCvR 40.7(f); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Id.* (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings may be redacted to protect privacy by limiting public access.  *See, e.g.,* FED. R. CIV. P. 5.2 (a)(1)-(4) (requiring, "[u]nless court orders otherwise," use of only initials for minors, only partial birthdates, social-security, taxpayer-identification and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").  To guide the exercise of judicial discretion in redacting or sealing information, the D.C. Circuit has prescribed two complimentary tests, depending on the context.  First, when a party seeks to seal court filings, the D.C. Circuit has, for over forty years, required consideration of six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980),

3

that "may outweigh the strong presumption favoring disclosure" and authorize sealing of otherwise public judicial records. *CNN, Inc. v. FBI*, 984 F.3d 114, 118 (D.C. Cir. 2021).[3] Second, when a party seeks to proceed anonymously, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure,'" *In re Sealed Case*, 971 F.3d at 326 (quoting *In re Sealed Case*, 931 F.3d at 96), with the moving party "bear[ing] the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name," *id*. When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97.[4]

When a plaintiff initiating a lawsuit moves to file a case under seal simultaneously with the filing of the complaint, and also moves to proceed anonymously, all to ensure that the plaintiff's identity is concealed from the public, the motion is most akin to a request to proceed under a pseudonym, which triggers the *James* five-factor test. In applying that test, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing

---

[3] The *Hubbard* factors are:
(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.
*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)).

[4] These five factors are:
(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.
*In re Sealed Case*, 931 F.3d at 97 (citing *James*, 6 F.3d at 238).

test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

**III.    DISCUSSION**

At this stage of the litigation, plaintiff has not met its burden of showing that its purported "privacy" interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation. Plaintiff asserts that "[p]ublic identification of the parties to this litigation, and to the underlying arbitrations, would cause grave reputational injury and would frustrate the purpose not only of this lawsuit but also of the parties' agreements to arbitrate their disputes confidentially." Pl.'s Mot. at 1. The theme throughout plaintiff's motion is that because the litigation involves a confidential arbitration to which plaintiff was a party, the proceedings must remain anonymous. *Id.* at 3.

Plaintiff offers no authority to support such a broad claim of secrecy in court filings. "Although confidentiality agreements between private parties may weigh against disclosure, they do not dictate whether documents can be filed under seal." *Grynberg v. BP P.L.C.*, 205 F. Supp. 3d 1, 3 (D.D.C. 2016). Now that plaintiff has chosen to avail itself of the courts, it may not entirely avoid the presumption of public access. *See In re Fort Totten Metrorail Cases,* 960 F. Supp. 2d 2, 9 (D.D.C. 2013) (collecting cases for the proposition that "other courts have been unwilling to deem parties' reliance on continuing confidentiality in reaching a settlement

5

agreement a sufficient basis to overcome the public's right of access"). Consideration of the five *James* factors, which apply here, *see supra* Part II, confirms that plaintiff's request to proceed under seal or pseudonymously is not warranted here.

The first factor—"whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature," *In re Sealed Case*, 931 F.3d at 97—weighs heavily against plaintiff.  Plaintiff presents no argument that the information in the underlying arbitration between a former employee and plaintiff over a relationship the former employee apparently had with plaintiff's CEO is the kind of private information that merits sealing, let alone the extreme remedy of sealing the entire case.  To the extent plaintiff's former employee or even CEO has a "highly personal" privacy interest in their relationship, it is not at all clear that plaintiff, a company, can assert it.  Plaintiff's attempt to avoid public disclosure appears driven by an attempt to avoid "annoyance and criticism" that might come from publicly disclosing the existence or potentially embarrassing subject matter of the arbitration, namely the "relationship between the former employee and Plaintiff's CEO."  Pls.' Mot. at 4.  Thus, plaintiff has not demonstrated that proceeding under seal is necessary to "preserve privacy in a matter of [a] sensitive and highly personal nature" but instead this motion is motivated "to avoid the annoyance and criticism that may attend any litigation." *In re Sealed Case*, 931 F.3d at 97.

Plaintiff also asserts that there is "a strong public interest in maintaining the confidentiality of arbitration proceedings."  Pl.'s Mot. at 5 (quoting *Pasternak v. Dow Kim*, 10-cv-5045 (JLC), 2013 WL 1729564, at *3 (S.D.N.Y. Apr. 22, 2013)).  The single authority that plaintiff cites for this extraordinary effort to stretch the cloak of confidentiality attached to arbitrations to cover proceedings in federal court does not support its position.  The quoted

6

language about "maintaining the confidentiality of arbitration proceedings" is the statement of a *party* in the cited case, and the subsequent paragraph in *Pasternak* describes cases in which courts denied leave to file under seal petitions to confirm confidential arbitration awards. *Pasternak*, 2013 WL 1729564, at *4 (citing *Scott D. Boras Inc. v. Sheffield*, 09-cv-8369 (SAS), 2009 WL 3444937, at *1 (S.D.N.Y. Oct. 26, 2009); *Istithmar World PJSC v. Amato*, 12-cv-7472 (JFK), 2013 WL 66478, at *3 (S.D.N.Y. Jan. 7, 2013)). As one judge in the Southern District of New York put it, "[d]isputants may be drawn to arbitration out of a desire for privacy, but once one side seeks judicial confirmation of an arbitral award, that petition as well as the underlying award become 'judicial documents' to which the common law right of access is presumed to attach." *Istithmar World PJSC*, 2013 WL 66478, at *3. Judges on this Court have taken a similar approach and held that a party may not rely on the mere existence of a confidentiality agreement to avoid public access to judicial proceedings, particularly where, as here, the plaintiff has failed to describe any prejudice that would result from disclosure. *See, e.g.*, *Grynberg*, 205 F. Supp. 3d at 3–4.

Plaintiff briefly argues without elaboration that it would suffer a "grave reputational injury" if it were to be identified in public proceedings, Pl.'s Mot. at 1, but this kind of generalized reputational interest is not a compelling reason to seal individual documents even under the *Hubbard* test, *see Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 150 (D.D.C. 2010), and is less compelling here, where plaintiff seeks to seal the entire case. As described above, the "reputational injury" that could result from publicly litigating this case appears to stem from disclosing the potentially embarrassing conduct of plaintiff's CEO at the heart of the arbitration, which the first *James* factor characterizes as an uncompelling privacy interest.

Plaintiff also makes a policy argument that maintaining confidentiality in arbitration proceedings *requires* anonymity when litigating in the court system. Pl.'s Mot. at 4. In this case, however, plaintiff is in the position of having to come to court because the arbitrator in its arbitration permitted the former employee to disclose confidential information to family members, apparently without those family members entering any legally binding agreement to maintain confidentiality themselves or making those family members subject to the subsequent protective order. *See* Compl. ¶¶ 19–20. Plaintiff does not have the right to treat this Court as its private arbitrator because it failed in the earlier arbitration to prevent the disclosure of embarrassing information to a third-party, who did not himself agree to the protective order. In short, plaintiff has failed to present any compelling privacy interest sufficient to allow it to proceed anonymously and without any public access to the filings in this case.

Turning to the second factor, plaintiff has not argued that "identification poses a risk of retaliatory physical or mental harm," *In re Sealed Case*, 931 F.3d at 97, and it is difficult to see how plaintiff, as a corporation, could assert such harms resulting from public access to this case. The third factor, concerning the ages of those whose privacy interests are sought to be protected, is of no relevance to this motion because plaintiff is a corporation and the privacy interests of minor children are not implicated. *See Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011).

The fourth and fifth factors query whether the action is against a governmental or private party and for an analysis of the risk of unfairness to the opposing party in allowing an action to proceed against it anonymously. This case lacks the "heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329 (citing *Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014)), and certainly no unfairness to

8

the defendant arises from being forced to litigate against an anonymous foe since defendant is well aware of plaintiff's identity.  At the same time, the risk of unfairness to defendant is apparent since, while the defendant named in this case was not a party to plaintiff's arbitration with its former employee, plaintiff's effort to seal this case and proceed anonymously comes close to a ploy to subject defendant to the protective order and confidentiality terms otherwise inapplicable to him.  Moreover, defendant is himself involved in an unrelated arbitration, in which reference has been made to plaintiff's arbitration with its former employee as part of defendant's equitable defense.  *See* Compl. ¶¶ 26, 33–38.  Notwithstanding that neither defendant nor Company A are subject to any protective order with plaintiff, plaintiff's proposed order would require the parties in defendant's wholly unrelated arbitration to comply with any sealing in this case and the concomitant document handling burdens such compliance would require.  *See* Pl.'s Proposed Order at 2 ("In connection with any such disclosures, the parties shall advise Company A and the AAA that they are bound to comply with this sealing order and may not further disclose any information about this lawsuit.").

Without any compelling justification for allowing the plaintiff to seal this case or proceed pseudonymously, the "presumption in favor of disclosure" is unrebutted, and the complaint and this action will not be sealed, and plaintiff's request for all parties to proceed pseudonymously is denied.  *In re Sealed Case*, 931 F.3d at 96.

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Sealed Motion for Leave to File Case Under Seal and to Use Pseudonyms is **DENIED** and it is further

**ORDERED** that the Clerk of Court is directed not to docket the Complaint until corrected in accordance with this Memorandum and Order.

**SO ORDERED.**

Date: April 28, 2021

_____
BERYL A. HOWELL
Chief Judge