**FILED**

6/3/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ROE,<br><br>Defendant. | Misc. Action No. 21-43 (BAH)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Pending before the Court is plaintiff Doe, Inc.'s Motion for Reconsideration of the Court's April 28, 2021 Memorandum and Order ("Denial Order"), Case No. 21-mc-43, ECF No. 1 (sealed); *id.*, ECF No. 2 (redacted), denying its motion both to seal this case and to permit all parties proceed under pseudonym, Pl.'s Sealed Mot. to Seal and to Use Pseudonyms ("Pl.'s Mot. to Seal"), Denial Order, Ex. 1 (sealed), ECF No. 1-1. Pl.'s Mot. for Reconsideration, ECF No. 3 (sealed). Plaintiff seeks reconsideration on the ground that the Court did not address the argument that litigating under seal is necessary in this case if plaintiff is to avoid disclosing the specific information that it seeks to protect through this action, namely: information designated as confidential under protective orders entered in an arbitration to which plaintiff was a party. Pl.'s Mot. for Reconsideration at 1–2. In so arguing, plaintiff mischaracterizes the reasoning in the Denial Order and misapplies applicable law. Plaintiff's reconsideration motion is therefore denied.

## I.    BACKGROUND

As described in Denial Order, plaintiff alleges that defendant has disclosed confidential information from an arbitration to which defendant was not a party, in violation of two protective orders issued in that arbitration. Compl. ¶¶ 1, 55, Denial Order, Ex. 5 (sealed), ECF No. 1-5.

Plaintiff moved to file a complaint against defendant for tortious interference with contractual relations, *id*. ¶¶ 44–52 (Count 1), and violation of the Federal Arbitration Act, *id.* ¶¶ 53–56 (Count 2), under seal because the subject of the litigation involves "highly sensitive information relating to a confidential arbitration," Pl.'s Mot. to Seal at 1. To further ensure secrecy in this litigation, plaintiff also sought to proceed using pseudonyms for both parties, *id*., and to seal the entire case so that future filings would be automatically blocked from the public docket of this Court, *see* Pl.'s Proposed Order, Denial Order, Ex. 4 (sealed) (proposing language directing that "Plaintiff may file its Complaint under seal, and all subsequent pleadings in the case shall be sealed"), ECF No. 1-4.

The Court denied plaintiff's motion, and plaintiff has now moved for reconsideration, arguing that "the Court did not address Doe Inc.'s argument that litigating publicly would disclose the very information that this lawsuit seeks to keep confidential," Pl.'s Mot. for Reconsideration at 3–4.

## II.    LEGAL STANDARD

Plaintiff moves for reconsideration under Federal Rule of Civil Procedure 54(b), which provides that any pre-judgment order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). "Rule 54(b) relief is available as justice requires." *Singh v. Am. Ass'n of Retired Persons, Inc.*, Case No. 18-cv-1247 (RCL), 2020 WL 4039118, *1 (D.D.C. July 17, 2020) (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)). "Relevant considerations include whether the Court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." *Id.* (internal quotation marks and

citation omitted).  The Court may also "grant a motion for reconsideration if there are other good reasons for doing so."  *Id.* (quoting *Cobell*, 355 F. Supp. 2d at 540).[1]

## III.   DISCUSSION

Plaintiff argues that the Court "patently misunderstood" plaintiff's core argument in its initial motion—that "denying it the right to litigate under seal forces disclosure of the very information Doe Inc. asserts a legal right to protect"—and that this misunderstanding warrants reconsideration.  Pl.'s Mot. for Reconsideration at 2.  Not so.

At the outset, plaintiff offers no authority for the proposition it urges applied here that *any* information in which a plaintiff asserts a confidentiality interest sought to be protected through litigation permits wholesale sealing of all filings in that litigation, as well as pseudonymity.  A party is not entitled to proceed completely under seal simply because certain information has been subject to a protective order.  *In re McCormick & Co., Inc., Pepper Prod. Mktg. & Sales Pracs. Litig.*, 316 F. Supp. 3d 455, 464 (D.D.C. 2018).  Relatedly, the existence of a confidentiality agreement between private parties does not "dictate whether documents can be filed under seal," even though it may weigh against disclosure.  *Grynberg v. BP P.L.C.*, 205 F. Supp. 3d 1, 3 (D.D.C. 2016).  As described in the Denial Order, plaintiff has not provided any cognizable justification for sealing these proceedings beyond the fact that they implicate information designated confidential in an arbitration.  Again, as previously fully explained in the Denial Order, plaintiff's asserted interests in avoiding reputational harm and embarrassment due to the nature of the designated confidential information in the arbitration are not sufficient reason for either sealing or use of pseudonyms.  *See* Denial Order at 5 (citing *Grynberg*, 205 F. Supp. 3d

---

[1]   Plaintiff also moves for reconsideration under Rule 59(e), which applies to final judgments and, plaintiff argues, applies here because the Court's order "would qualify as an appealable final decision under the collateral order doctrine."  Pl.'s Mot. for Reconsideration at 2 (citing *In re Sealed Case*, 931 F.3d 92, 95–96 (D.C. Cir. 2019)).  The analysis below would be the same regardless of which standard applies.

at 3; *In re Fort Totten Metrorail Cases,* 960 F. Supp. 2d 2, 9 (D.D.C. 2013)); *see also John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau*, 195 F. Supp. 3d 9, 23 (D.D.C. 2016) (distinguishing "[c]ases alleging that a party engaged in racial discrimination, manufactured dangerous products, or committed fraud . . . [that] may cause reputational damage but do not typically warrant pseudonymous treatment" from those that disclose "confidential, ongoing government investigations").

Plaintiff asserts that circumstances here are special because this action is being brought to enforce the confidentiality agreement itself but cites no authority to that end.  Instead, plaintiff cites two cases in which plaintiffs were permitted to proceed, in one, with the entire case under seal or, in the second, pseudonymously to prevent the disclosure of information apparently found by the court to warrant such treatment.  Pl.'s Mot. for Reconsideration at 3 (citing *Doe 1 v. FEC*, Case No. 17-cv-2694 (ABJ), Min. Order (Dec. 18, 2017) (D.D.C.); *In re Interested Party 1*, Case No. 07-mc-567 (JDB), Order, ECF No. 6 (D.D.C. Dec. 20, 2007)).  Neither of the cited orders, however, reflected any analysis applying the factors articulated in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), or otherwise provided any explanation for the sealing determination, and one required the filing of a redacted complaint on the public docket, *see Doe 1 v. FEC*, Case No. 17-cv-2694 (ABJ), Min. Order (Dec. 18, 2017).  *Cf. In re U.S. Off. of Pers. Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42, 83 (D.C. Cir. 2019) (Williams, J., concurring) (explaining that the "'rare dispensation' [of anonymity] can be granted only after the district court has conducted an inquiry into whether the circumstances justify an 'extraordinary break' with the normal method of proceeding—openly—in federal court" (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995)).  Moreover, both these cases were ultimately unsealed and the previously pseudonymous plaintiffs—represented in one case by the same counsel as the plaintiff in this matter—were disclosed after the respective plaintiffs' claims were denied.  *See Doe 1,*

Case No. 17-cv-2694 (ABJ), Min. Order (Apr. 22, 2020); *In re Interested Party 1*, Case No. 07-mc-567 (JDB), Order to Unseal Case, ECF No. 16 (D.D.C. Jan. 15, 2008).  In short, these cases do not support plaintiff's position that absolute secrecy must be provided wherever a party seeks to enforce a confidentiality agreement or that this circumstance is sufficient, standing alone, to warrant doubling-down on secrecy by sealing an entire case combined with use of pseudonyms, without any additional need to justify the scope of the confidentiality interests invoked.

Plaintiff presents no compelling reason to distinguish cases in which plaintiffs seek to enforce confidentiality provisions in arbitration from those in which plaintiffs seek to confirm arbitral awards, which may necessarily disclose a confidential arbitration.  *See Istithmar World PJSC v. Amato*, Case No. 12-cv-7472 (JFK), 2013 WL 66478, at *3 (S.D.N.Y. Jan. 7, 2013) ("Disputants may be drawn to arbitration out of a desire for privacy, but once one side seeks judicial confirmation of an arbitral award, that petition as well as the underlying award become 'judicial documents' to which the common law right of access is presumed to attach."); *Grynberg*, 205 F. Supp. 3d at 3; *see also E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (reversing a district court's decision to seal a consent decree despite the parties' desire to keep the settlement agreement confidential).  The asserted privacy interest in the confidentiality of arbitration is the same, and in either case, a plaintiff may lose its bargained-for confidentiality by virtue of choosing to litigate in federal court.

Moreover, plaintiff's assertion of the "practical impossibility of litigating this case on the public docket," Pl.'s Mot. for Reconsideration at 3, is supported in neither its initial motion nor its motion for reconsideration.  While plaintiff asserted that the entire case, including the complaint and the identity of the parties, needed to be sealed, plaintiff provided no explanation as to (1) any limits on its confidentiality interests or (2) the possibility of more limited sealing.

For example, plaintiff asserted that "it is not sufficient to use pseudonyms alone, without sealing, because the parties would be greatly constrained as to the details that they could describe in their pleadings without risking public identification," Pl.'s Mot. to Seal at 1, but did not explain what kinds of details would risk identification or why redacting those details in public filings would not be sufficient.  "[C]ourts commonly permit redaction" of "sensitive business information and trade secrets."  *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 671 (D.C. Cir. 2017).  This alternative to wholesale sealing, even where "sensitive business information" is implicated, demonstrates the overbreadth of plaintiff's request.  If plaintiff wishes to keep certain information sealed, it must specifically describe why the information is sensitive beyond bare reference to the fact that it was designated confidential in an arbitration—or that the information might be embarrassing or pose reputational risk to plaintiff—and must explain why the broad scope of requested sealing is necessary such that the alternative of targeted redactions is insufficient.

Plaintiff appears to assert—both in its complaint and through the requested scope of sealing—an exceedingly broad scope of secrecy to cover as confidential even the simple fact that an arbitration occurred.  For example, in its complaint, plaintiff states that defendant "improperly disclosed the Doe Arbitration," in addition to asserting that disclosure of the arbitration award, pleadings, and other papers would violate the confidentiality of the arbitration.  Compl. ¶ 7; *see also* Pl.'s Mot to Seal at 4 (seeking to proceed under seal to "protect[] the *identities* of the parties to this litigation and the underlying arbitrations" (emphasis added)).  Even if some information disclosed during the arbitration may, on some independent basis, be subject to sealing, that does not support secrecy regarding the existence of the arbitration itself.  To repeat, litigation cannot proceed in secret simply because a party agreed to proceed confidentially in another setting.

*E.g., Grynberg*, 205 F. Supp. 3d at 3. *Hubbard* guides sealing decisions in this Court, not the agreement of the parties. If a party wishes to enforce some aspect of an arbitration it must, at the very least, publicly acknowledge the existence of the arbitration.[2]

Plaintiff made no effort to craft its pleading to limit the disclosure of confidential information and has not proposed redaction of sensitive information to permit litigation on the public docket. Plaintiff's motion for reconsideration has not indicated that the extraordinary proposed scope of sealing is appropriate and has therefore failed adequately to address and overcome the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). Accordingly, plaintiff has not established any misunderstanding or error that would warrant reconsideration of the Court's Denial Order.

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Motion for Reconsideration, ECF No. 3, is **DENIED**.

**SO ORDERED.**

Date: June 2, 2021

_____
BERYL A. HOWELL
Chief Judge

---

[2]     Although plaintiff indicates that the employee's employment agreement provided that "[t]he fact of any arbitration, and any proceedings, claims or disputes relating to the arbitration, shall be kept by you as strictly confidential," Compl. ¶ 18, the record does not suggest that the arbitral protective orders barred *any* mention of the existence of the arbitration. Instead, the complaint describes the protective orders as "encompass[ing] not only material produced in discovery, but also 'discovery requests and responses, pleadings, motions, briefs, testimony, transcripts, correspondence, orders, and the award,'" *id*. ¶ 20. Regardless, an agreement to maintain complete secrecy surrounding an arbitration will likely, given the analysis above, be impossible to import into a federal court proceeding. The mere fact of an arbitration can hardly be deemed "highly sensitive."